### OBERGFELL et al. v. GREEN et al.
### No. 64951.

District Court of the United States for the District of Columbia.

Oct. 6, 1939.

Martin F. O'Donoghue, Wm. J. Hughes, Jr., and Thomas X. Dunn, all of Washing-ton, D. C., for plaintiff.

Joseph Padway, Charlton Ogburn, and Arthur Reyman, all of Washington, D. C., for defendants.

GOLDSBOROUGH, Associate Justice.

In this case the facts are simple and clearly established, and the rules of law clear, and easy of application. The case comes to me upon an amended bill, the original bill having been dismissed by Mr. Justice BAILEY, with leave to amend.

For the purposes of this opinion, I shall speak of the plaintiffs simply as the Brew-ers Union, and of the defendants as the American Federation of Labor, and the Teamsters Union. The plaintiffs seek to enjoin the transfer of beer drivers from the Brewers Union to the Teamsters Union. In 1933, at the convention of the American Federation of Labor, the Federation adopt-ed a report of its Executive Council as follows: "In the case of the International Brotherhood of Teamsters, Chauffeurs, Stablemen and Helpers of America vs. The International Union of the United Brew-ery, Flour, Cereal and Soft Drink Workers of America, the Executive Council is of the opinion and decides that teamsters and chauffeurs in the brewery industry properly belong to and come under the jurisdiction

of the International Brotherhood of Teamsters and Chauffeurs."

The plaintiff takes the position that the above resolution and subsequent acts of the American Federation amounts to an attempted transfer of the beer drivers from the Brewery Union to the Teamsters Union. The American Federation of Labor takes the position that the resolution, being merely declaratory, is not justiciable. It further contends that the convention of the American Federation of Labor has final authority in jurisdictional disputes, and that in any event that the interpretation placed by the American Federation of Labor upon its contract with the plaintiff is binding upon all parties and therefore not justiciable.

In 1887, the plaintiff became affiliated with the American Federation of Labor, at which time it was agreed that the plaintiff would retain, as an affiliate of the Federation, the same jurisdiction over employees which it had before its affiliation with the Federation. At the time of its affiliation, the plaintiff had jurisdiction over beer drivers. The plaintiff's jurisdiction over beer drivers was not controverted for 13 years. In 1899, the Teamsters Union became affiliated with the American Federation of Labor, and in 1900 claimed jurisdiction over beer drivers. At that time, the American Federation of Labor took the position that it had no authority to pass upon the indicated jurisdictional controversy and further took the position that it was bound by its contract with the plaintiff to the effect that the plaintiff's affiliation with the American Federation of Labor should in no way affect the jurisdiction of the plaintiffs over any employees of which it had jurisdiction at the time of its affiliation.

At the 1900 convention, the American Federation of Labor undertook to take such action as would prevent jurisdictional disputes, this opinion having reference specifically to the attempted jurisdictional claim of the Teamsters Union over the beer drivers. At that time, Section 11, Article 9, was inserted by the American Federation of Labor into its Constitution and still is a part of its Constitution. This section is as follows: "No charter shall be granted by the American Federation of Labor to any National, International, Trade, or Federal Labor Union without a positive and clear definition of the trade jurisdiction claimed by the applicant, and the charter

shall not be granted if the jurisdiction claimed is a trespass on the jurisdiction of existing affiliated unions, without the written consent of such unions; no affiliated International, National, or Local Union shall be permitted to change its title or name, if any trespass is made thereby on the jurisdiction of an affiliated organization, without first having obtained the consent and approval of a Convention of the American Federation of Labor; and it is further provided, that should any of the members of such National, International, Trade, or Federal Labor Union work at any other vocation, trade or profession, they shall join the union of such vocation, trade or profession, provided such are organized and affiliated with the American Federation of Labor."

The 1900 convention after adopting Section 11, Article 9, as indicated above, adopted a resolution appearing on page 159 of the reports of the American Federation of Labor for 1900 which resolution is as follows:

"We submit the following Resolution No. 220:

"Resolved, That the President of the American Federation of Labor be and is hereby instructed to correspond with the executive officers of all affiliated national and international unions, requesting them to submit a written declaration defining their claims of trade jurisdiction. The information so received to become a permanent record of the American Federation of Labor, and a guide as to the issuance of charters.

"Jas. O'Connell
"D. J. Keefe
"J. Crimmins
"C. J. Barrett
"Martin Fox
"John B. Lennon

"Adopted."

Acting upon this resolution, President Gompers wrote the plaintiff and the Teamsters Union asking each to define its jurisdiction. The plaintiff in reply claimed: "Jurisdiction over all regularly employed brewery workers, such as brewers, maltsters, beer drivers and stablemen, beer bottlers, engineers and firemen, oilers and helpers, brewery ice house workers, and brewery general laborers; coopers who also partly perform brewers work."

The answer of the Teamsters Union to Mr. Gompers' letter claimed jurisdiction as follows:

"Any Teamster engaged driving a Truck, wagon, hack, or vehicle, who does not own or operate more than five teams, shall be eligible for membership. All members employing *Teamsters*, must employ members of this organization and pay the Union scale of wages, prevalent in the district over which the Local Union has jurisdiction.

"A recent decision of the A. F. of L. gives the United Brewery Workmen jurisdiction over men engaged driving *beer wagons.*"

■ Mr. Gompers' letter written at the instance of the American Federation of Labor and the two answers received as indicated finally confirmed the jurisdiction over beer drivers in the Brewery Workers Union under Art. 9, Sect. 11, of the Constitution of the American Federation of Labor, as well as under the original contract between the American Federation of Labor, and the Brewery Workers Union made in 1887, when the Brewery Workers Union became affiliated with the American Federation of Labor; certainly when the action of the 1900 convention of the American Federation of Labor ratified the indicated jurisdiction in taking the position, as it did, that jurisdiction over the beer drivers being in the Brewery Workers Union under its contract with the American Federation of Labor, the Federation was without the power to alter the jurisdiction.

The American Federation of Labor takes the position that the convention of the American Federation of Labor has final authority in construing its contract with the Brewery Workers Union, including Art. 9, Sect. 11, of the constitution; that it has construed its contract with the Brewery Workers Union to the effect that the Federation can change the jurisdiction over the beer drivers, and in effect, transfer beer drivers from the Brewery Workers Union to the Teamsters Union and that the Court has no power to hold that such a transfer is a violation of the contractual rights of the Brewery Workers Union, because the convention of the American Federation of Labor, being its supreme body has the right to construe the contract.

■ It is obvious that a Court will not interfere with the ruling of a Labor organization made within the limits of its constitution, even though the court might not be of the same opinion as the Labor Union as to the merits of the controversy, but these unincorporated organizations can make contracts, and when they clearly violate their contracts, especially where civil or property rights are involved, they are subject to correction by the courts. The evidence in this case shows that the unionized workers affiliated with the Brewery Workers Union have property rights, probably the most valuable that unionized workers can have, which would be taken away from them by a transfer to the Teamsters Union. They have sick benefits, death benefits, strike benefits, and what is more valuable than all of the others, the benefit of collective bargaining.

■ At the 1906 convention of the American Federation of Labor, the Executive Council of the Federation was directed to discipline the Brewery Workers Union unless it yielded the indicated jurisdiction within 90 days. The jurisdiction was not yielded and the Executive Council undertook to expel the Brewery Workers Union from its affiliation with the American Federation of Labor. However, at the 1907 convention, the Brewery Workers Union was restored by the American Federation of Labor to its affiliation. The Brewery Workers Union declined at all times to yield its jurisdiction, as was recognized by the proceedings of the 1908 convention of the American Federation of Labor, so that the jurisdictional rights of the Brewery Workers Union over beer drivers was not lost by its expulsion and subsequent reinstatement.

The Court ruled broadly, therefore, that from 1887 to the time of the institution of this suit, that jurisdiction over beer drivers as between the American Federation of Labor, the Teamsters Union, and the Brewery Workers Union was in the Brewery Workers Union, that at no time had the American Federation of Labor the power to change this jurisdiction without the consent of the Brewery Workers Union.

The testimony is uncontradicted that at no time has the Brewery Workers Union yielded its jurisdiction in any manner or to any extent.

There are certain other facts appearing in evidence that are not necessary, in the Court's opinion, to the decision in this case. It appears that in 1913, the American Federation of Labor undertook to formally de-

clare at its convention the jurisdiction over the beer drivers to be in the Brewery Workers Union. It is admitted also, that in pursuance of the 1913 action, the officers of the Brewery Workers Union and the Teamsters Union entered into a formal written agreement in 1915 awarding jurisdiction of these beer drivers to the Brewery Workers Union, for various considerations set forth in the agreement which is part of the record in this case. It appears also that at the 1933 convention of the American Federation of Labor, when the convention in turn undertook to award jurisdiction to the Teamsters Union as provided by the report set forth near the beginning of this opinion, that the President of the Teamsters Union solemnly denied in open convention that he had executed any such agreement.

As under the Court's decision, the action of the 1933 convention was beyond the power of the American Federation of Labor, this incident is probably unimportant, except that if the President of the Teamsters Union had admitted the 1915 agreement, the resolution passed by the 1933 convention of the American Federation of Labor would probably have never been adopted and this litigation would, therefore, have been avoided.

■ This opinion has discussed jurisdictional rights as between the plaintiff, the American Federation of Labor, and the Teamsters Union, but there are more fundamental considerations. This Court holds that neither the plaintiff, the American Federation of Labor, or the Teamsters Union, as an unincorporated entity, whatever that may be, has authority to pass upon which union these beer drivers should be affiliated with, or any authority by coercion of any kind, direct or indirect, to control their union affiliation. To illustrate: If any employer sees fit to employ the individual members of the Brewery Workers Union, whether they remain in that union, or join some other union, no labor union has the right, directly or indirectly, to coerce the employer on the ground that the workman is not affiliated with the union to which an award of jurisdiction has been made. The evidence clearly shows that since the adoption of the 1933 resolution of the American Federation of Labor, set forth near the beginning of this opinion, the Teamsters Union and the American Federation of Labor have endeavored to coerce, and have coerced employers of labor not to employ beer drivers affiliated with the plaintiff, the American Federation of Labor by correspondence, and the Teamsters Union by picketing and by personal violence.

An extract from a resolution of the American Federation of Labor adopted at its 1933 convention and appearing on Page 522 of the report of the American Federation of Labor in 1935, is as follows:

"It was principally these great International Unions which had brought the American Federation of Labor into existence. When the American Federation of Labor was organized, and these Unions accepted charters, and when National or International Unions have been organized since 1881, a contract was entered into between the American Federation of Labor and the National and International Unions.

"This contract called for loyalty to the purposes and policies of the American Federation of Labor. In return the National and International Unions were guaranteed two specific things: first, jurisdiction over all workmen doing the work of the specific craft or occupation covered by the organization; secondly, guaranteeing to the National or International Unions complete autonomy over all of its internal affairs.

"The American Federation of Labor could not have been organized upon any other basis of relationship between the National and International Unions and the Federation. It is recognized that where a contract is entered into between parties, it cannot be set aside or altered by one party without the consent and approval of the other."

The defendants have emphasized questions of public policy as a reason for denying the relief asked for by the plaintiff. The workers involved herein can, if they so desire, constitute the American Federation of Labor the arbiter of their destiny, but they have not done this, and for the Court to withhold substantially the relief asked for by the plaintiff would amount to a judicial recognition of authority acquired by usurpation. Whatever may be the factual situation at any time or place, whenever usurped authority comes in contact with the jurisprudence of a democracy it then and there, instantly, ceases to exist.

May the Court make the added observation that both reason and history are conclusive that there is no such thing as a benevolent despot.

The injunction will issue substantially as prayed for by the plaintiff.